IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BETTY HARVISON                                                                                      PLAINTIFF

v.                                              No. 3:06CV00025 JLH

JO ANNE B. BARNHART, Commissioner,
SOCIAL SECURITY ADMINISTRATION                                                  DEFENDANT

**OPINION AND ORDER**

Betty Harvison challenges the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits and Supplemental Security Income. For the following reasons, this matter is reversed and remanded.

The Social Security regulations provide a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a severe impairment or combination of impairments. *Id.* §§ 404.1520(c), 416.920(a)(4)(ii). The third step is to determine whether the impairments meet or equal a listed impairment which is presumed to be disabling. *Id.* §§ 404.1520(d), 416.920(a)(4)(iii). If so, benefits are awarded. If not, the evaluation proceeds to step four, which involves a determination of whether the claimant has sufficient residual functional capacity to perform his or her past work. *Id.* §§ 404.1520(e)-(f), 416.920(a)(4)(iv). If the claimant is unable to do so, the ALJ must determine at step five whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education, and work experience. *Id.* §§ 404.1520(g), 416.920(a)(4)(v).

**I.**

Harvison applied for benefits on January 7, 2004. She alleges that she has been disabled since August 30, 1999, because of coronary artery disease, overactive thyroid, chronic obstructive pulmonary disease, headaches, and fatigue. Harvison was born in 1954 and was 50 years old at the time of the decision to deny her application for benefits. She has a general equivalence diploma and has completed some community college courses.

Upon conducting the required five-step evaluation, the administrative law judge ("ALJ") determined that Harvison has not engaged in substantial gainful activity since the alleged onset of her disability; that she has chronic obstructive pulmonary disease and chronic ischemic heart disease, which are considered severe based on the Social Security regulations; that these impairments do not meet a listed impairment; and that she is unable to perform her past work. Harvison does not challenge these determinations, which represent steps one through four of the evaluation process. At step five, however, the ALJ determined that Harvison is able to perform a significant range of light work and that she therefore does not have a disability as defined by the Social Security Act. The issues presented thus relate to this step-five determination.

Harvison alleges that she suffers from severe pain, shortness of breath, and fatigue as a result of her medical conditions. She testified that she is able to walk only very short distances, that she can do very little cooking or housekeeping, and that she cannot lift 20 pounds, walk or stand for 4 hours out of an 8-hour workday, or handle 10 pounds for 2 to 3 hours out of an 8-hour workday. She also stated that because of pain in her arms and shoulders she can use her hands for only about 3 hours out of an 8-hour workday. Harvison further testified, however, that she is so fatigued that for "half the week or more" she "can't do anything. Nothing."

The ALJ did not find Harvison credible in her subjective complaints and determined that she has enough residual functional capacity that she can "occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday." Based upon this determination and the testimony of a vocational expert, the ALJ found that Harvison could perform jobs such as sewing machine operator or office clerk. Her application for benefits was thus denied and this appeal followed.

## II.

Harvison asserts that the ALJ overestimated her residual functional capacity, erred in finding that there are a significant number of jobs in the national economy that she can perform, and improperly evaluated her credibility. The ALJ's determinations as to Harvison's residual functional capacity and ability to perform light work hinge on his finding that her subjective complaints are not credible. Because the ALJ did not adequately explain his reasons for this finding, however, the matter is remanded for an explanation of the ALJ's credibility determination.

The Eighth Circuit has held that an ALJ must consider many relevant factors and fully explain his or her decision with regard to a claimant's credibility.

> Symptoms such as pain, shortness of breath, weakness, or nervousness are the individual's own perceptions of the effects of a physical or mental impairment(s). Because of their subjective characteristics and the absence of any reliable techniques for measurement, symptoms (especially pain) are difficult to prove, disprove, or quantify.
>
> * * *
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaint, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

      1.      the claimant's daily activities;
      2.      the duration, frequency and intensity of the pain;
      3.      precipitating and aggravating factors;
      4.      dosage, effectiveness and side effects of medication;
      5.      functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984). An ALJ need not treat the factors cited in *Polaski* as a checklist or discuss each one in detail. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment even if every factor is not discussed in depth."). However, "[w]hen an ALJ rejects a claimant's complaints of pain, he or she must make an express credibility determination detailing reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

In this case, the ALJ neither mentioned the *Polaski* factors nor fully explained his reasons for discrediting Harvison's testimony. His opinion contained the following paragraph:

> Although the claimant described daily activities fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported daily activities are considered to be outweighed by the other factors discussed in this decision, to include the pattern of findings previously set forth which are inconsistent with the level of subjective complaints. There is evidence that the claimant was not entirely compliant in taking medical advice and that no treating specialist endorsed her subjective complaints or suggested an inability to work.

The ALJ's reference to Harvison's lack of compliance in taking medical advice apparently refers

to her failure to stop smoking and start an exercise program as recommended by her physicians, facts mentioned in other parts of the opinion.  The ALJ's decision contained only one other reference to Harvison's credibility, stating that Harvison "is not entirely reliable, as reflected in the reports of the treating specialists, which show no basis for the level of complaints alleged."

The opinion fully discussed Harvison's medical records and the ALJ's reasons for believing that her subjective complaints were not supported by the medical evidence.  This is a valid reason to discount Harvison's testimony, but her testimony cannot be discounted *solely* on this basis. *Polaski*, 739 F.3d at 1322.  While the ALJ is correct in his statement that "allegedly limited daily activities cannot be objectively verified," this fact does not necessarily mean that Harvison's account of her limited daily activities is false.

The other reasons given by the ALJ for his decision are not fully explained.  Harvison's failure to comply with medical advice and the lack of any restrictions imposed by her treating specialists are valid reasons to doubt her testimony.  *See Dunahoo*, 241 F.3d at 1038-39 (ALJ properly considered lack of functional restrictions by claimant's doctors as evidence that claimant was not disabled); *Kelley*, 133 F.3d at 589 ( "[F]ailure to follow a prescribed course of treatment without good reason can be a ground for denying an application for benefits.").  However, the ALJ provided no specific details on these issues as required by *Kelley*.

Finally, the ALJ did not discuss some of the *Polaski* factors for which the record contained relevant evidence, such as Harvison's work history, prescription medications, and her husband's observations.  The ALJ also pointed to no inconsistencies in the record other than the lack of objective medical evidence to support Harvison's complaints.  The Court is therefore unable to determine whether the ALJ considered these factors and what effect they had, if any, on his

credibility determination.

## CONCLUSION

Because the ALJ did not discuss the *Polaski* factors and detail his reasons for discrediting Harvison's testimony as to the severity of her subjective symptoms, this matter is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d. 78 (1991).

IT IS SO ORDERED this 6th day of December, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE